COMMERCIAL SAVINGS AND TRUST CO., Plaintiff, v. WOLFE et, Defendants.

Common Pleas Court, Summit County.

No. 49007. Decided June 9, 1949.

Frank Levin, Cleveland, for assignee-plaintiff.
Harold Infield, Akron, for defendant.

## OPINION

By WATTERS, J.

In this action, in March, 1924, the Commercial Savings and Trust Company received a personal judgment against the defendants, Jefferson J. Wolfe and his wife, Nona Wolfe, upon real estate mortgage foreclosure. The property was later sold at Sheriff's sale and the confirmation was filed April 26, 1924, showing the selling price as $3,335.00. This was distributed as follows: Taxes, $233.81, costs, $93.87, the balance to the plaintiff, the Commercial Bank, on its claim or judgment.

The bank went into liquidating, and the present plaintiff, Jacob Levin, purchased and became the assignee of the deficiency. He filed a motion to revive the judgment as to Nona Wolfe, March 3, 1948, at which time a conditional order of revival was entered in this court, and a notice to show cause issued against Nona Wolfe.

Thereupon Nona Wolfe, defendant, filed a motion, March 17, 1948, asking that the motion to revive the judgment be dismissed, and that further execution in the case be permanently enjoined under §11663-1 GC on the ground that said deficiency was some twenty-four years old; that defendant had occupied the property mortgaged as a homestead, and no steps had been taken to collect the judgment all those years.

The Court made the following Finding filed May 26, 1948, which is self explanatory:

"This matter comes on upon the motion of the plaintiff's assignee to revive the dormant judgment taken twenty-four years ago against the defendant, Nona Wolfe. The judgment was also taken against her husband, but no revivor is asked against him.

The defendant, Nona Wolfe, **counters with a motion to dismiss said motion to revive,** and asks that further execution be enjoined, on the ground that this matter comes within the limitation of §11663-1 GC as amended in 1939, in that the judgment is a foreclosure deficiency judgment on· a mortgage covering homestead property. The matter was submitted to the court on affidavit, oral argument and briefs of the defendant.

I think the **better practice** is for the court to revive the judgment. Then the defendant can wait until an attempt is made to collect the judgment, or defendant can any time move to have its enforcement enjoined. It looks to me that in the

final analysis, if defendant's affidavit and claim is true, the plaintiff could never enforce the judgment because of §11663-1 GC (1939). Exceptions."

Thereupon, on June 28, 1948, this court entered judgment on said finding as follows:

"On motion of Jacob Levin, assignee of the Commercial Bank and Trust Company of Akron, Ohio, and it appearing to the court that the conditional order herein made has been served on the said Nona Wolfe as directed, and no good and sufficient reason being shown why this action should not be revived in her name, it is ordered that this judgment stand revived in the name of Nona Wolfe as defendant in the amount of $1928.20 with interest at seven per cent from May 15, 1924.

The motion of the defendant to enjoin any further proceedings on the judgment as revived and to have said judgment declared unenforcible or void under §11663-1 GC is continued for further disposition by the court not later than ninety (90) days from date."

The matter is now before the court on defendant, Nona Wolfe's motion mentioned in the finding and journal entry above to enjoin any further procedure on the deficiency judgment claimed unenforcible under §11663-1 GC. This motion was supported by the affidavit of Mrs. Wolfe dated March 31, 1948, and filed May 24, 1948, setting up the occupancy of the premises as a homestead, etc. In addition the court heard evidence of various witnesses, including Nona Wolfe.

The assignee, Mr. Levin, questioned the jurisdiction of the court to hear the matter, citing several decisions of Judge Fritch, formerly of this court, to the effect that the question sought to be raised by Mrs. Wolfe in re §11663-1 GC, could only be raised by petition for declaratory judgment or upon **petition** in the same action upon which service was had, etc.

This court holds that even though Julge Fritch may have been correct in his holdings, that they are not here applicable because of Nona Wolfe's procedure in raising the matter by motion in this suit against the assignees to revive the judgment, and because all parties were in court, and the court entered the journal entry continuing this branch of the case for further consideration.

I think the parties are all before the court upon the question before us.

Furthermore I think Judge Fritch's ruling is too strained in view of the liberality shown by the Supreme Court in **151 Oh St, 212,** discussed hereinafter. In our case the parties were fully before the court in the revivor matter, and it would have been to no avail to cause Mrs. Wolfe to file a separate suit in declaratory judgment, or to make her file a petition in this action, and get service, etc.

In any event, even if this court is incorrect on that point,— and I do not believe I am,—the judgment is clearly unenforcible.

The property in question is a dwelling house at 521 Gridley Avenue, Akron, Ohio, a strictly residential property, single family building. Mrs. Nona Wolfe and her husband and family moved into it is a home site or homestead in May, 1920. The mortgage was executed in May, 1920. It was so occupied originally as a homestead, and for some seven years. The family moved out in April, 1927. The property was deeded by Mr. and Mrs. Wolfe in March, 1921, to Ruth Scott, by warranty deed recorded in Volume 849 at page 336, Summit County Records. The grantee, Ruth Scott, in said deed, assumed and agreed to pay the taxes, but not the mortgage, although the latter was a first lien on the premises next to taxes.

Apparently the grantee, Scott, paid on it for some time, as the petition in foreclosure shows various payments up to December of 1923, the foreclosure being commenced January 19, 1924.

The evidence also shows that the Wolfes remained in the premises until April, 1927, paying the grantee, Scott, rent after the deed, and later the receiver appointed in the foreclosure action.

In **151 Oh St, 212, Kocsorak v. Trust Company** (See Ohio Bar. 3-28-49) plaintiff owned real property and resided with his family in a single family dwelling located thereon. After moving away and never again occupying it as a homestead or homesite, he mortgaged it to the Cleveland Trust Company. Thereafter it was sold to third persons who assumed the mortgage, and they resided in the house for sixteen years until foreclosure. Judgment against the plaintiff and assignees resulted in a deficiency judgment. Held that the judgment was unenforcible under **§11663-1 GC.**

The Supreme Court held for plaintiff even though the plaintiff did not occupy it as a homestead, etc. when plaintiff executed the mortgage. However, the grantees of plaintiff assumed and agreed to pay the mortgage, and did occupy it as a homestead up to the time of the foreclosure and defi-

ciency judgment. The court there said "The judgment in the instant case is unenforcible as to the deficiency for the reason that the statute is directed toward the judgment rather than the persons connected with it."

See also **81 Oh Ap, 511.**

The assignee claims part of his judgment is for taxes paid upon failure of the defendant or other owners to pay them. The petition for foreclosure is not so drawn, and even if it were, the judgment is a deficiency judgment growing out of a mortgage covering homestead property, and cannot be divided in any manner.

Under this evidence, and in view of **151 Oh St 212** cited and discussed above, this deficiency judgment is unenforcible, and the court enjoins any proceedings to collect or enforce it.